ORIGINAL

1 | **CHAN_A&M.com**

2 | FREDERICK A. BLACK
United States Attorney
3 | ROBERT W. PEARSON
Special Assistant U.S. Attorney
4 | Suite 502-A, Pacific News Bldg.
238 Archbishop Flores Street
5 | Agana, Guam 96910
TEL: (671) 472-7208 / 7332
6 | FAX: (671) 472-7215 / 7334



FILED
DISTRICT COURT OF GUAM
APR 23 2002
MARY L. M. MORAN
CLERK OF COURT

7 | Attorney's for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 02-00013 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | C O M P L A I N T |
| ALEXANDER C. CHAN and MICHELLE K. CHAN, | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, UNITED STATES OF AMERICA, on behalf of its agency, the U.S. Small Business Administration by and through its undersigned attorneys, and complains of Defendants ALEXANDER C. CHAN and MICHELLE K. CHAN, (hereinafter referred to as Defendants "CHAN") and for cause of action alleges and states:

1. This Court has jurisdiction of the action pursuant to Title 28, U.S.C., Section 1345.

2. The Defendants ALEXANDER C. CHAN and MICHELLE K. CHAN presently reside within this judicial district with an address of P.O. Box 10087, Tamuning, Guam 96931 and is within the jurisdiction of this Court under Title 28, U.S.C., Section 1391(a).

//

//

3. On or about January 4, 1993, Defendants CHAN, executed and delivered to the U.S. Small Business Administration (hereinafter referred to as "SBA"), which is an agency of the Plaintiff, 72, Stat. 384 (1958), Title 15, U.S. C., Section 631, et seq., a written promissory Note, For Disaster Loans Only, (hereinafter referred to as "NOTE 1").

4. That said NOTE 1 was executed by Defendants CHAN in return for a loan in the amount of $95,500.00, plus 4.0 percent interest per annum, as more particularly described in a true copy of said NOTE 1 which is attached hereto and incorporated by reference herein as Exhibit "A." [All exhibits are true and accurate copies of what they purport to be except insofar as they may have been reduced from legal size to letter size or converted from two-sided original to a one-sided copy or both.]

5. At the time of the execution and deliver of said promissory note and as part of the same transaction and for the purpose of providing security for repayment to the payee or holder of the note of the principal sum and interest mentioned in said NOTE 1, Defendants CHAN executed a mortgage in favor of the SBA dated January 4, 1993 and recorded on February 3, 1993, with the Office of the Recorder, Department of Land Management, Territory of Guam as Instrument number 483951, a copy of which is marked Exhibit "B" and attached hereto. Said attachment is incorporated at this point for all purposes as set forth.

6. In the Mortgage marked Exhibit "B," Defendants CHAN, mortgaged, assigned, granted and conveyed to SBA all of their rights, title, and interest in the following described properties as security for repayment of the Note of the same date:

PARCEL 1
Lot No. 143, Tract 14114, phase 1, P.G.D. Village, Municipality of Dededo, Territory of Guam, containing an area of 918 square feet or 85.29 square meters, as shown on Drawing No. NI-100, as recorded in the office of the Recorder, Department of Land Management, Government of Guam on June 5, 1989 under Instrument No. 417761.

PARCEL 2
UNIT 303 VILLA GI PADA LADERA CONDOMINIUM, LOT NO. 5076-R4-6-NEW-2 (Subdivision of Lot No. 5076-R4-6NEW), MUNICIPALITY OF DEDEDO, GUAM ESTATE NO. 14109, SUBURBAN, AS SAID LOT IS MARKED AND DESIGNATED ON MAP DRAWING NO. LCJ66T69A: RECORDED ON SEPTEMBER 22, 1966 IN THE DEPARTMENT OF LAND MANAGEMENT, GOVERNMENT OF GUAM UNDER DOCUMENT NO. 77940.

PARCEL 3
Apartment No. 409 of The Cliff, a leasehold Horizontal Property Regime, located on the 4th floor of the Building; said apartment unit, together with the lanai, if any, containing a total area of approximately 318 square feet, all as more fully shown on the Condominium Floor Plan filed with the Department of Land Management, Government of Guam, under Instrument No. 313579; together with a .44412 percentage of undivided interest as tenant-in-common with the holders from time to time of other undivided interests in and to the common elements of the Building to non-exclusive easements appurtenant to all apartments in the Building for ingress, egress, support, and repair. The Apartment may be used for the following purposes only: office, Municipality of Sinajana.

7. On or about January 4, 1993, Defendants CHAN executed and delivered to SBA, a written promissory Note, For Disaster Loans Only, (hereinafter referred to as "NOTE 2").

8. That said NOTE 2 was executed by Defendants CHAN in return for a loan in the amount of $9,100.00, plus 4.0 percent interest per annum, as more particularly described in a true copy of said NOTE 2 which is attached hereto and incorporated by reference herein as Exhibit "C."

9. At the time of the execution and deliver of said promissory note and as part of the same transaction and for the purpose of providing security for repayment to the payee or holder of the note of the principal sum and interest mentioned in said NOTE 2, Defendants CHAN executed a mortgage in favor of the SBA dated January 4, 1993 and recorded on February 3, 1993, with the Office of the Recorder, Department of Land Management, Territory of Guam as Instrument number 483952, a copy of which is marked Exhibit "D" and attached hereto. Said attachment is incorporated at this point for all purposes as set forth.

10. In the Mortgage marked Exhibit "D," Defendants CHAN, mortgaged, assigned, granted and conveyed to SBA all of their rights, title, and interest in the following described properties as security for repayment of the Note of the same date:

PARCEL 1
Lot No. 143, Tract 14114, phase 1, P.G.D. Village, Municipality of Dededo, Territory of Guam, containing an area of 918 square feet or 85.29 square meters, as shown on Drawing No. NI-100, as recorded in the office of the Recorder, Department of Land Management, Government of Guam on June 5, 1989 under Instrument No. 417761.

//
//
//

- 3 -

PARCEL 2
UNIT 303 VILLA GI PADA LADERA CONDOMINIUM, LOT NO. 5076-R4-6-NEW-2 (Subdivision of Lot No. 5076-R4-6NEW), MUNICIPALITY OF DEDEDO, GUAM ESTATE NO. 14109, SUBURBAN, AS SAID LOT IS MARKED AND DESIGNATED ON MAP DRAWING NO. LCJ66T69A: RECORDED ON SEPTEMBER 22, 1966 IN THE DEPARTMENT OF LAND MANAGEMENT, GOVERNMENT OF GUAM UNDER DOCUMENT NO. 77940.

PARCEL 3
Apartment No. 409 of The Cliff, a leasehold Horizontal Property Regime, located on the 4th floor of the Building; said apartment unit, together with the lanai, if any, containing a total area of approximately 318 square feet, all as more fully shown on the Condominium Floor Plan filed with the Department of Land Management, Government of Guam, under Instrument No. 313579; together with a .44412 percentage of undivided interest as tenant-in-common with the holders from time to time of other undivided interests in and to the common elements of the Building to non-exclusive easements appurtenant to all apartments in the Building for ingress, egress, support, and repair. The Apartment may be used for the following purposes only: office, Municipality of Sinajana.

11. Defendants CHAN have defaulted in the payment under the terms of said NOTE 1 and NOTE 2 in that they have breached the covenant to pay the sum thereunder at the time same became due and payable. Payments under said NOTE 1 were to be made in monthly installments of $1008.00 which Defendants CHAN have failed to do. Payments under said NOTE 2 were to be made in monthly installments of $96.00 which Defendants CHAN have failed to do.

12. By reason of said breach, Plaintiff has executed its option under the terms and covenants of said NOTE 1 and mortgage and NOTE 2 and mortgage to declare the entire principal balances due thereunder, together with interest, immediately due and payable.

13. Payments and/or credits have been made to reduce the original principal balance of NOTE 1 to $87,697.06. Payments and/or credits were made to reduce the original balance of NOTE 2 and costs incurred to service loan in the amount of $2,150.00 have been added which increased the principal balance of NOTE 2 to $11,052.15.

14. Due demand has been made upon Defendants CHAN for the principal amount for said NOTE 1 and, plus interest, and that said Defendants have failed, neglected and refused, and continue to fail, neglect and refuse to reimburse Plaintiff for said indebtedness. A Certificate of Indebtedness dated March 20, 2002 is attached hereto and incorporated by reference herein as Exhibit "E."

//

15. Due demand has been made upon Defendants CHAN for the principal amount for said NOTE 2 and, plus interest, and that said Defendants have failed, neglected and refused, and continue to fail, neglect and refuse to reimburse Plaintiff for said indebtedness. A Certificate of Indebtedness dated March 20, 2002 is attached hereto and incorporated by reference herein as Exhibit "F."

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands judgment against Defendants ALEXANDER C. CHAN and MICHELLE K. CHAN in the principal amounts of $87,697.06 and $11,052.15, plus accrued interest to March 19, 2002 in the sums of $25,245.02 and $2,448.29 and interest thereafter to the date of judgment at the rate of 4.0 percent per annum, and interest from the date of judgment at the legal rate until paid in full; together with costs, including $150.00 in filing fees under 28 U.S.C. § 2412(a)(2) and 28 U.S.C. § 1914(a), fees; and for such other and further relief as this Court deems just and proper.

DATED: 4/23/02 , Hagåtña, Guam.

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

By: _____
ROBERT W. PEARSON
Assistant U.S. Attorney

Attorneys of the Plaintiff

-5-



**U.S. SMALL BUSINESS ADMINISTRATION**

| SBA LOAN NUMBER |
|---|
| DLB 54146430-06 |

**NOTE**
(FOR DISASTER LOANS ONLY)

Sacramento, California
(City and State)

$ 95,500.00                               (Date) January 4, 19 93

For value received, the undersigned promises to pay to the order of _____

SMALL BUSINESS ADMINISTRATION
(Payee)

at its office in the city of _____ Denver _____, State of _____ Colorado 80259 _____.

or at holder's option, at such other place as may be designated from time to time by the Holder or Small Business Administration

Ninety Five Thousand Five Hundred and No/100------------------------------------- dollars,
(Write out amount)

with interest on unpaid principal computed from the date of each advance to the undersigned at the Annual Percentage Rate, of

4% Percent per annum, payment to be made in installments as follows:

$ 1,008.00 _____, including principal and interest, payable monthly, beginning five (5) months from the date hereof; the balance of principal and interest to be paid in full.

Ten _____ ( 10 ) year(s) from the date hereof; with the further provision that each said installment shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of the said agreements, or in any affidavit or other documents submitted in connection with said application or the indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Act of 1898, as amended) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder;(5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

SBA FORM 147 B(5-77) REF SOP 50 35 PREVIOUS EDITIONS ARE OBSOLETE

**EXHIBIT A**



# MORTGAGE
(Direct)

This mortgage made and entered into this 4th day of January 19 93, by and between Alexander C. Chan and Michelle K. Chan
P.O. Box 11649, Tamuning, Guam 96931
(hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at Pacific Daily News Building, Room 508, 238 Archbishop F.C. Flores Street, Agana, Guam 96910

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the Village/Municipality of Dededo
Territory of Guam

PARCEL 1

Lot No. 143, Tract 14114, Phase 1, P.G.D. Village, Municipality of Dededo, Territory of Guam, containing an area of 918 square feet or 85.29 square meters, as shown on Drawing No. NI-10Q, as recorded in the office of the Recorder, Department of Land Management, Government of Guam on June 5, 1989 under Instrument No. 417761.

PARCEL 2

UNIT 303 VILLA GI PADA LADERA CONDOMINIUM, LOT NO. 5076-R4-6-NEW-2 (Subdivision of Lot No. 5076-R4-6NEW), MUNICIPALITY OF DEDEDO, GUAM ESTATE NO. 14109, SUBURBAN, AS SAID LOT IS MARKED AND DESIGNATED ON MAP DRAWING NO. LCJ66T69A: RECORDED ON SEPTEMBER 22, 1966 IN THE DEPARTMENT OF LAND MANAGEMENT, GOVERNMENT OF GUAM UNDER DOCUMENT NO. 77940.

PARCEL 3

Apartment No. 409 of The Cliff, a leasehold Horizontal Property Regime, located on the 4th floor of the Building; said apartment unit, together with the lanai, if any, containing a total area of approximately 318 square feet, all as more fully shown on the Condominium Floor Plan filed with the Department of Land Management, Government of Guam, under Instrument No. 313579; together with a .44412 percentage of undivided interest as tenant-in-common with the holders from time to time of other undivided interests in and to the common elements of the Building to non-exclusive easements appurtenant to all apartments in the Building for ingress, egress, support, and repair. The Apartment may be used for the following purposes only: office. Municipality of Sinajana.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated January 4, 1993 in the principal sum of $ 95,500.00 , signed by Alexander C. Chan and Michelle K. Chan in behalf of themselves.

SBA Form 927 (3-73) Previous Editions are Obsolete.



EXHIBIT B



**U.S. SMALL BUSINESS ADMINISTRATION**

| SBA LOAN NUMBER |
|---|
| DLH 54146630 01 |

**NOTE**
(FOR DISASTER LOANS ONLY)

Sacramento, California
(City and State)

$ 9,100.00                   (Date) January 4, 19 93

For value received, the undersigned promises to pay to the order of

SMALL BUSINESS ADMINISTRATION
(Payee)

at its office in the city of Denver, State of Colorado 80259

or at holder's option, at such other place as may be designated from time to time by the Holder or Small Business Administration

Nine Thousand One Hundred and no/100-------------------------------------- dollars,
(Write out amount)

with interest on unpaid principal computed from the date of each advance to the undersigned at the Annual Percentage Rate, of

4% Percent per annum, payment to be made in installments as follows:

$ 96.00, including principal and interest, payable monthly, beginning five (5) months from the date hereof; the balance of principal and interest to be paid in full

Ten ( 10 ) year(s) from the date hereof; with the further provision that each said installment shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of the said agreements, or in any affidavit or other documents submitted in connection with said application or the Indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Act of 1898, as amended), or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder;(5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

SBA FORM 147 B(5-77) REF SOP 50 35 PREVIOUS EDITIONS ARE OBSOLETE

**EXHIBIT C**

CHAN, Alexander C. and Michelle K.
DLH 54146630 01



# MORTGAGE
(Direct)

This mortgage made and entered into this 4th day of January 19 93, by and between Alexander C. Chan and Michelle K. Chan
P.O. Box 10087, Tamuning, Guam 96931
(hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at Pacific Daily News Building, Room 508, 238 Archbishop F.C. Flores Street, Agana, Guam 96910

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the Village/Municipality of Dededo Territory of Guam

PARCEL 1
Lot No. 143, Tract 14114, Phase 1, P.G.D. Village, Municipality of Dededo, Territory of Guam, containing an area of 918 square feet or 85.29 square meters, as shown on Drawing No. NI-100, as recorded in the office of the Recorder, Department of Land Management, Government of Guam on June 5, 1989 under Instrument No. 417761.

PARCEL 2
UNIT 303 VILLA GI PADA LADERA CONDOMINIUM, LOT NO. 5076-R4-NEW-2 (SUBDIVISION OF LOT NO. 5076-R4-6NEW), MUNICIPALITY OF DEDEDO, GUAM, ESTATE NO. 14109, SUBURBAN, AS SAID LOT IS MARKED AND DESIGNATED ON MAP DRAWING NO. LCJ66T69A: RECORDED ON SEPTEMBER 22, 1966 IN THE DEPARTMENT OF LAND MANAGEMENT, GOVERNMENT OF GUAM, UNDER DOCUMENT NO. 77940.

PARCEL 3
Apartment No. 409 of The Cliff, a leasehold Horizontal Property Regime, located on the 4th floor of the Building; said apartment unit, together with the lanai, if any, containing a total area of approximately 318 square feet, all as more fully shown on the Condominium Floor Plan filed with the Department of Land Management, Government of Guam, under Instrument No. 313579; together with a .44412 percentage of undivided interest as tenant-in-common with the holders from time to time of ther undivided interests in and to the common elements of the Buildong to non-exclusive easements appurtenant to all apartments in the Building for ingress, egress, support, and repair. The Apartment may be used for the following purposes only: office. Municipality of Sinajana.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated January 4, 1993 in the principal sum of $9,100.00 , signed by Alexander C. Chan and Michelle K. Chan in behalf of themselves.

SBA Form 921 (3-73) Previous Editions are Obsolete.



EXHIBIT D



U.S. SMALL BUSINESS ADMINISTRATION
GUAM BRANCH OFFICE
FIRST HAWAIIAN BANK BLDG., SUITE 302
400 ROUTE 8, MONGMONG, GUAM 96927
671-472-7419 • 671-472-7365 (FAX)

## CERTIFICATE OF INDEBTEDNESS

March 20, 2002

Debtor(s) Name(s): Alexander C. & Michelle K. Chan

Address: P.O. Box 10027
Tamuning, Guam 96931

Ref: SBA No. 54146430-06

**Total debt due United States as of 03/19/02:   $112,942.08**

I certify that **U. S. Small Business Administration** records show that the debtor(s) named above are indebted to the United States in the amount stated above.

The claim arose in connection with a disaster assistance loan made by the **U. S. Small Business Administration** which is an agency under 72 Stat. 384 (1958), Title 15, U.S.C., Section 631, et seq.

**Certification:** Pursuant to 27 USC 1746, I certify under penalty of perjury that the foregoing is true and correct.

_3/20/02_
Date:

_[signature]_
Albert Sampson, Loan Specialist
U. S. Small Business Administration

EXHIBIT
E



U.S. SMALL BUSINESS ADMINISTRATION
GUAM BRANCH OFFICE
FIRST HAWAIIAN BANK BLDG., SUITE 302
400 ROUTE 8, MONGMONG, GUAM 96927
671-472-7419 • 671-472-7365 (FAX)

## CERTIFICATE OF INDEBTEDNESS

March 20, 2002

Debtor(s) Name(s):   Alexander C. & Michelle K. Chan

Address:   P.O. Box 10027
Tamuning, Guam 96931

Ref:   SBA No. 54146630-01

**Total debt due United States as of 03/19/02:   $13,500.44**

I certify that **U. S. Small Business Administration** records show that the debtor(s) named above are indebted to the United States in the amount stated above.

The claim arose in connection with a disaster assistance loan made by the **U. S. Small Business Administration** which is an agency under 72 Stat. 384 (1958), Title 15, U.S.C., Section 631, et seq.

**Certification:** Pursuant to 27 USC 1746, I certify under penalty of perjury that the foregoing is true and correct.

_3/20/02_
Date:

Albert Sampson, Loan Specialist
U. S. Small Business Administration

EXHIBIT
F